NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Hall, | No. CV-19-01530-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner, Stanley Hall filed his Petition for Writ of Habeas Corpus on February 28, 2019. He raised four grounds for relief: 1) violations of his Sixth and Fourteenth Amendment rights as a result of pretrial and trial errors, 2) violations of his Fourth and Fifth Amendment rights when jail officials took $572 from his inmate account and when he was unlawfully arrested and extradited, 3) violations of his Eighth Amendment rights involving false grand jury testimony, denial of his right to impeach witnesses and the setting of excessive bail, and 4) violations of his Fifth Amendment rights by the allowance of improper impeachment of his trial testimony, by forcing him to testify at trial, by collusion between the trial court and the prosecutor and by precluding evidence of the violent nature of the apartment complex where he lived at the time of the crime.

The Respondents filed a Limited Answer asserting that all of Petitioner's claims were procedurally defaulted without excuse. Petitioner filed a Reply. On March 16, 2020, the Magistrate Judge issued her Report and Recommendation finding that Petitioner's claims were procedurally defaulted without excuse and recommending that his habeas

petition be denied and dismissed with prejudice. Petitioner filed timely written objections entitled Response to Report and Recommendation and the Respondents filed a Response to the objections.

Petitioner's nine-page Response to the Report and Recommendation complains of many perceived errors and injustices allegedly committed by the Court in this case and in a federal civil rights case that he also filed. But the Response never addresses the Report and Recommendation or any errors therein. As explained by the Magistrate Judge, all of Petitioner's habeas claims were procedurally defaulted because each claim related to alleged pre-trial and trial errors that were never raised in Petitioner's direct appeal of his conviction in state court. The Magistrate Judge also explained why Petitioner's habeas filings failed to establish cause for his procedural default or a miscarriage of justice. Petitioner's Response also fails to address this conclusion. After detailing the many perceived errors and injustices Petitioner concludes his Response by stating that "the Court must agree that the Magistrate's Report and Recommendations are unsound without merit and must be disregarded as unfounded and fundamentally misleading…" The Court does not agree. Rather after review of the habeas record, the Court agrees with the Magistrate Judge that Petitioner's habeas claims are procedurally defaulted without excuse and that the Petition for Writ of Habeas Corpus should be denied and dismissed with prejudice.

IT IS ORDERED overruling Petitioner's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 29)

IT IS FURTHER ORDERED denying Petitioner's Petition for Writ of Habeas Corpus and dismissing it with prejudice.

IT IS FURTHER ORDERED denying a Certificate of Appealability because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

. . .

1    IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

3    Dated this 21st day of April, 2020.

_____
Susan R. Bolton
United States District Judge